IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAYING VUE

        Plaintiff,                No. CIV S-04-1772 CMK

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.          <u>ORDER</u>

_____/

        Plaintiff, Kaying Vue, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying his application for Supplemental Security Income benefits (SSI), which was based on the provisions of Title XVI of the Social Security Act.   The parties have filed cross motions for summary judgment.  As both parties have consented to magistrate jurisdiction, the motions are before the undersigned for decision.  For the reasons reflected below, plaintiff's motion is DENIED and the Commissioner's motion is GRANTED.

///

///

///

## I. __BACKGROUND__

Plaintiff filed an application for SSI benefits on October 31, 2001, alleging an inability to work due to severe back pain, knee pain and gout related arthritis.  Plaintiff's application was denied initially and upon reconsideration.

At the hearing before the ALJ[1], plaintiff was represented by an attorney and testified through an interpreter.  (Tr. 223.)  Plaintiff testified that he was fifty-seven years old and had a tenth grade education in his native Laos.  (Tr. 224.)  In Laos plaintiff served in the army. (Tr. 224.)  Plaintiff was a vocational instructor in the United States.  (Tr. 224.)  He stopped this work in 1986 because the "program finished."  (Tr. 225.)   He stated that foot, knee and back pain have kept him from working.  (Tr. 225.)

Plaintiff testified that he can walk fifteen minutes a day.  (Tr. 226.) He helps his wife with housework and laundry.  (Tr. 227.)  Plaintiff cannot mow the lawn, but he does wash dishes occasionally.  (Tr. 227.)  Plaintiff does not go to the store.  (Tr. 227.)  Plaintiff stated that, in the afternoon, he watches television, reads magazines and sometimes dusts.  (Tr. 228.)

Plaintiff testified that, since 2002, he has seen his physician once a month.  (Tr. 225.)  He testified that he takes four different kinds of medications; one for cholesterol, one for gout, one for knee and back pain, and one for stroke prevention.  (Tr. 225.)   Plaintiff stated that he received about five to six hours of relief after taking the painkiller.  (Tr. 226.)

In his motion for summary judgment, plaintiff set forth the ALJ's summary of the medical evidence.  The Commissioner stipulates that the ALJ fairly and accurately summarized the medical evidence.  Accordingly, as both parties are familiar with the medical evidence, the undersigned will not re-state it here.

///

///

---

[1]As discussed later in this order, plaintiff had two hearings before the ALJ.  The relevant testimony is taken from the March 1, 2004 hearing.

In a written decision dated July 23, 2003, the ALJ denied plaintiff's application.  (Tr. 27-33.)  Plaintiff requested an Appeals Council review of the decision.  The Appeals Council granted plaintiff's request for review of the ALJ's decision, vacated it and remanded the case for further proceedings.  (Tr. 24-26, 193-95.)  There was a new ALJ hearing on March 1, 2004.  (Tr. 221-34.)  The ALJ issued a new written decision on March 22, 2004, denying plaintiff's claim.  (Tr. 11-18.)   The decision of the ALJ became final when the Appeals Council denied plaintiff's request for a review on June 28, 2004. The plaintiff filed a timely appeal in this court on August 26, 2004.

## II.  STANDARD OF REVIEW

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole.  See Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance,  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,  see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.    DISCUSSION

Plaintiff contends that the ALJ improperly rejected the opinion of plaintiff's treating physician, Wu Hsiung Su, M.D.  The court disagrees.  "The opinion of a treating physican is not necessarily conclusive as to either the physical condition or the ultimate issue of disability."  Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999).  An ALJ may reject the uncontradicted opinion of a treating physician only for "clear and convincing" reasons.  See Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995).  When conflicting medical evidence is presented, however, the ALJ must resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  Although the treating physician's opinion is given deference, the ALJ may reject the opinion of the treating physican in favor of a contradicting opinion of an examining physican, providing the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.  See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989).  The ALJ may satisfy this requirement by setting out a summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

Additionally, the general rule set forth by Magallanes does not apply when the nontreating physician relies on independent clinical findings that differ from the findings of the treating physician.  See Magallanes, 881 F.2d at 751.  Where the opinion of the treating physician is contradicted, and the opinion of the nontreating physician is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence.  See Andrews, 53 F.3d at 1041.  It is then solely the province of the ALJ to resolve the conflict between the treating and the nontreating source.  See id.

Here, the ALJ noted that there was conflict between the findings of Janet O'Brian, M.D. and plaintiff's treating physican, Dr. Su. (Tr. 15.)  In resolving the this conflict in favor of Dr. O'Brian's findings, the ALJ noted that the record shows that, despite plaintiff's subjective

4

complaints of pain, he has required very little medical care, did not have objective clinical

findings of degenerative disease and has not required surgery or prescription pain medications.

(Tr. 15.)  The ALJ also considered that the record indicated that plaintiff's condition had

improved in January and February of 2000 and that plaintiff's gout was stable through October

of 2000.  (Tr. 137-147.)  The ALJ considered that radiological imaging studies in April of 2003

showed the plaintiff's lumbar x-rays were for the most part normal and that plaintiff had

relatively normal wrist x-rays.  (Tr. 154.)  The ALJ noted that the independent objective medical

records in this case, upon which the consultative physician based her findings, supported the

conclusion that plaintiff maintained the residual functional capacity (RFC) to perform work at all

exertional levels, except for an inability to climb.  See Magallanes, 881 F.2d at 751-55 (stating

that an ALJ can meet his burden of setting out specific reasons for rejecting the controverted

opinion of a treating physican by setting out a detailed summary of the facts and conflicting

medical evidence and stating his interpretation).

   Further, the ALJ cited to other evidence in the record that supported his finding

that plaintiff had the RFC to perform work at all exertional levels.  The ALJ noted that Dr. Su's

treatment notes did not corroborate his opinion that plaintiff was incapable of even sedentary

exertion.  See id.  Instead, the treatment notes show that plaintiff's arthritis improved with the

use of pain medication.  (Tr. 147.)  Dr. Su notes that plaintiff is capable of aerobic exercise as

tolerated and can self ambulate.  (Tr. 147.)  Dr. Su's evaluation notes that the medical findings

that support his assessment are "pain and weakness."  (Tr. 151, 152, 153.)  The ALJ reasonably

inferred that Dr. Su's opinion was not based on objective clinical findings and was based instead

on plaintiff's own self serving descriptions of pain and weakness.  See Gallant v. Heckler, 753

F.2d 1450, 1453 (9th Cir. 1984)( stating that and ALJ may draw inferences logically flowing

from the evidence).

   Plaintiff relies heavily on the argument that the ALJ's conclusions are not

supported by the evidence because the ALJ incorrectly identified Dr. Su as Dr. Wo-Hsiung,

5

1   which is why the ALJ could not find Dr. Su's records. Despite the ALJ's reference to plaintiff's
2    treating physican by an incorrect name, the substantial evidence relied on by the ALJ supports
3   his conclusion that plaintiff retained the RFC for work at all exertional levels, with a restriction
4   on climbing.  Specifically, the ALJ noted that the objective medical findings contradicted Dr.
5   Su's Assessment of Ability to do Work-Related Physical Activity (Assessment).   The ALJ
6   further noted that the Assessment completed by Dr. Su relied heavily on plaintiff's subjective
7   complaints of pain instead of any objective findings.

8           In summary, the ALJ indicated that he discredited the treating physician's opinion
9   because it could not be supported by objective evidence from any of plaintiff's medical
10  examinations. The ALJ weighed the conflicting medical evidence and set forth his own
11  interpretation of such, explaining why his interpretation, rather than the treating physician's
12  opinion, was correct.  See Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

13          Plaintiff next challenges the ALJ's conclusion that his testimony was not credible.
14   If there is medical evidence of an underlying impairment, the ALJ may not discredit a
15  claimant's testimony as to the severity of the symptoms merely because they are unsupported by
16  objective medical evidence.  See Bunnell, 947 F.2d at 347-48.  The ALJ must identify what
17  testimony is not credible and what evidence undermines the claimant's complaints.  See Lester,
18  81 F.3d at 834.  In weighing a claimant's credibility, the ALJ may consider his reputation for
19  truthfulness, inconsistences either in his testimony or between his testimony and his conduct, his
20  daily activities, his work record, and testimony from physicians and third parties concerning the
21  nature, severity and effect of the symptoms of which he complains.  See Thomas, 278 F.3d at
22  958-59.

23          Plaintiff argues that the ALJ's credibility determination is not supported by the
24  record because there is no evidence that plaintiff had extensive daily living activities and the
25  ALJ erred in stating that plaintiff mowed the lawn.  The undersigned finds, however, that ALJ's
26  credibility determination is supported by substantial evidence in the record.  The plaintiff

testified during the hearing that he washes dishes a little and does laundry.  (Tr. 227.)  He also stated that he can walk for up to twenty minutes and sometimes cooks and dusts.  (Tr. 226, 227.) The ALJ further considered that the medical records revealed that plaintiff's gout was improving and that plaintiff's x-rays were unremarkable.  Specifically, the ALJ noted that plaintiff did not have any objective findings of degenerative disease which would have supported plaintiff's subjective complaints.  Finally, the ALJ noted that plaintiff had not required any surgeries and ambulated without any aid.  See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)(stating that the ALJ may consider the conservative nature of treatments when evaluating subjective complaints).  The ALJ relied on evidence such that a reasonable mind might accept as adequate to support a conclusion that plaintiff could engage in work at all exertional levels.  See Richardson, 402 U.S. at 402; see also, Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001)(stating that if the ALJ's interpretation of a claimant's contention is reasonable and supported by substantial evidence, even where a contrary finding may also be reasonable, it is not the court's role to second guess the ALJ's interpretation).  The undersigned concludes that the ALJ's findings support his conclusion that plaintiff's complaints of pain were not credible.

**IV.    CONCLUSION**

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment or remand is denied, and

2.  The Commissioner's cross motion for summary judgment is granted.

DATED:   September 27, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

7